**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BILLIE THOMPSON as Personal Representative of the ESTATE OF DUSTY HEISHMAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:15-cv-01712-TWP-DML |
| CITY OF INDIANAPOLIS, INDIANAPOLIS DEPARTMENT OF PUBLIC SAFETY, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, BRIAN BURNETT, Officer, in his individual and official capacities, DONALD SPIEGL, Officer, in his individual and official capacities, WILLIAM BUECKERS, Officer, in his individual and official capacities, PHILLIP GREENE, Park Ranger, in his individual and official capacities, MARION COUNTY SHERIFF'S DEPARTMENT, BILLY JOHNSON, Deputy, in his individual and official capacities, HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, LANCE COPE, Medic, in his individual and official capacities, MARK BRITTON and WILLIAM PATTERSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

This matter is before the Court on a Partial Motion to Dismiss filed pursuant to Federal

Rule of Civil Procedure 12(b)(1) by Defendants Health and Hospital Corporation of Marion

County ("HHC") and Lance Cope ("Medic Cope") (Filing No. 19).  Plaintiff Billie Thompson

("Plaintiff"), representing the Estate of Dusty Heishman ("Heishman"), filed this action alleging

Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983 and numerous state law claims, surrounding Heishman's death following an arrest.  HHC and Medic Cope move to dismiss the state law claims against them because they assert that Plaintiff is required by the Indiana Medical Malpractice Act ("MMA") to first take those claim before a medical review panel. For the following reasons, the Court grants in part and denies in part HHC's and Medic Cope's Partial Motion to Dismiss.

## I.    BACKGROUND

After being found naked in the street on October 5, 2014, Heishman was arrested by Indianapolis Metropolitan Police Department ("IMPD") and later charged with resisting law enforcement, battery resulting in bodily injury, criminal mischief, and public nudity. (Filing No. 1-1 at p. 24, 27). During the course of the arrest, Heishman was battered by police officers and physically engaged by two civilian bystanders.  He was also tased on his stomach and chest by law enforcement officers.  Indianapolis Emergency Medical Services ("IEMS") were dispatched to the area regarding an animal bite incident, when an IMPD officer came over and said he needed medics to take a look at another patient who was being combative.  (Filing No. 27-1 at 2).  The medics observed that Heishman was lying prone in the middle of the street, handcuffed behind his back with leg shackles on and he had been tased. *Id*.  Heishman was struggling with officers who were holding him down. *Id*. An officer indicated that he believed Heishman was intoxicated on PCP and/or other drugs (Filing No. 1-1 at p. 26, ¶ 37).  Medic Cope gave Heishman 10 mg of Versed IM in his left deltoid muscle as a "chemical restraint for patient and crew safety."  (Filing No. 27-1 at 2). Heishman calmed down within a couple of minutes after receiving the injection.  *Id*.  The IEMS crew and officers picked Heishman up and placed him on a cot.  *Id*. On the way to the

ambulance, it became apparent that Heishman was no longer breathing, but darkness made it difficult to assess his condition.  (Filing No. 27-1 at 2).

Once he was placed into the ambulance, medics removed the cuffs and the taser probes from Heishman's chest and abdomen, and began CPR.  Heishman had gone into respiratory and cardiac arrest (Filing No. 19 at 2).  He was revived by CPR after seven minutes and was transported to Eskenazi Hospital where he remained until the next day when he was transferred to Methodist Hospital.  *Id.*  He had lost brain function and was treated with Hypothermic Therapy in an attempt to recover brain function.  *Id.*  However, the attempts were futile and Heishman died on October 13, 2014.  *Id.*

On September 28, 2015, Plaintiff filed this action against multiple defendants alleging various tort claims (Filing No. 1-1 at 22).  The claims against HHC are the following:  Count VI-wrongful death, Count VII-the Indiana Survival Act, Count VIII-intentional infliction of emotional distress, Count IX-negligent infliction of emotional distress, and Count XI-negligence.  The claims against Medic Cope are: Count II-excessive force, Count IV-deliberate indifference, Count V-failure to protect, Count VIII-intentional infliction of emotional distress, Count IX-negligent infliction of emotional distress, Count X-battery, and XI-negligence. HHC and Medic Cope do not challenge the § 1983 claims, however they have filed the Partial Motion to Dismiss the state law claims. (Filing No. 19).  The basis of their motion is that this Court lacks subject matter jurisdiction over the state law claims because those claims should have first been sent to a medical review panel pursuant to the MMA.

## II.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(1), a claim should be dismissed if the federal court lacks jurisdiction over the subject matter of the claim.  See *Hay v. Ind. State Bd. of Tax*

*Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[j]urisdiction is the power to declare law, and without it the federal courts cannot proceed.").  A court ruling on a Rule 12(b)(1) motion to dismiss must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff.  *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).  However, where a party raises a factual question concerning jurisdiction, "the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction."  *Grafon Corp. v. Hauserman*, 602 F.2d 781, 783 (7th Cir. 1979).  In such circumstances, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists.  *Id*.

The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction.  *United Phosphorus, Ltd. v. Angus Chem. Co*., 322 F.3d 942, 946 (7th Cir. 2003).  In some instances, if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own. (citing 5B C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, pp. 243–49 (3d ed.2004). Further, "[a] claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."  *Gocke v. Comer*, 2007 WL670961, *1 (S.D. Ind. 2007) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## III.  <u>DISCUSSION</u>

HHC and Medic Cope assert that the Plaintiff's claims against them should be dismissed because this Court does not have subject matter jurisdiction.  Specifically, they argue that the Plaintiff was required to take his state law claims against them to the medical malpractice review panel before proceeding in this Court pursuant to the Indiana Medical Malpractice Act ("MMA").

Ind. Code § 34-18-8-4.  They point out that the MMA grants subject matter jurisdiction over medical malpractice claims first to the medical review panel and then to the trial court.  *H.D. v. BHC Meadows Hosp., Inc.*, 884 N.E.2d 849, 853 (Ind. Ct. App. 2008).  Malpractice is defined as a "tort or breach of contract based on health care or professional services that were provided, or that should have been provided by a health care provider, to a patient."  Ind. Code § 34-18-2-18. A patient is "an individual who receives or should have received health care from a health care provider, under a contract, express or implied, and includes a person having a claim of any kind, whether derivative or otherwise, as a result of alleged malpractice on the part of a health care provider."  Ind. Code § 34-18-2-22.

The Indiana Court of Appeals has held that courts should "look to the substance of a claim to determine the applicability of the MMA." *Anonymous Hosp., Inc. v. Doe*, 996 N.E.2d 329, 333 (Ind. Ct. App. 2013).  When determining if a claim constitutes medical malpractice, the Court must determine "whether [the] claim is based on the [provider's] behavior or practices while acting in [his] professional capacity as a provider of medical services." *Johnson v. Layton*, 1:13-CV-0809-WTL-MJD, 2014 WL 1515920, at *6 (S.D. Ind. Apr. 18, 2014) (citing *Madison Ctr., Inc. v. R.R.K.*, 853 N.E.2d 1286, 1288 (Ind. Ct. App. 2006)).  Moreover, a physician-patient relationship is necessary to bring claims under the procedures of the MMA. *Weldon v. Universal Reagents, Inc.*, 714 N.E.2d 1104, 1110 (Ind. Ct.App. 1999) (a participant in a red blood cell donor program was not a patient for purposes of the MMA when the procedure performed on her body, the injection of antigens to produce antibodies for manufacture of RhoGam for pregnant women, was not performed for the participant's benefit). If the trial court finds the case is one of medical malpractice as defined by the Act, then it lacks subject matter jurisdiction unless the plaintiff has

filed a proposed complaint with the Department of Insurance and met other conditions of the Act. *Id.;* Ind. Code § 27–12–1–1 *et seq.*

The Plaintiff argues that Heishman was not Medic Cope's patient at the time that he gave Heishman the sedative.  He argues the sedative was not designed to promote Heishman's health, but rather was given to assist law enforcement in restraining Heishman during an arrest.  Plaintiff points out that Indiana Code § 16-22-8-34(23) provides that HHC and its employees are allowed to perform some non-medical treatment related functions, such as the ability to "enforce Indiana laws, administrative rules, ordinances, and the code of health and hospital corporation of the county."  Thus, even when HHC and its employees are acting within their official capacity, their functions are not necessarily within the scope of the MMA.  To support his position that Heishman was not a patient, Plaintiff points out that Heishman was given the sedative against his will since he did not consent to the medication and did not receive any benefit from it.  As an example, Plaintiff cites to the Indiana Court of Appeals, which held that a patient who was given a catheter to retrieve a urine sample for the police was not a patient for purposes of the MMA.  *Elliott v. Rush Meml. Hosp.*, 928 N.E.2d 634 (Ind. Ct. App. 2010).

The Plaintiff argues that Medic Cope's act of injecting Heishman with a sedative was done as an act of law enforcement and sounds in ordinary negligence rather than medical malpractice, thus the MMA does not apply. A case sounds in ordinary negligence where the factual issues are capable of resolution by a jury without application of the standard of care prevalent in the local medical community. *Murphy v. Mortell,* 684 N.E.2d 1185, 1188 (Ind.Ct.App.1997).

In response, HHC and Medic Cope argue that the medical review panel requirements of the MMA must be complied with because the state law tort claims against them are based on alleged medical malpractice.  They contend that the interaction between Medic Cope and

Heishman was medical in nature. They assert that Medic Cope's statement in the IEMS report –
that he had given Heishman the sedative for the purpose of Heishman's and the crews' safety
(Filing No. 27-1 at 2) – infers medical intent.

The Court is not persuaded by the Defendant's argument. Although the MMA does not
require the existence of a physician-patient relationship, Indiana has held that "the Act requires
that a person's medical treatment was sought out or was necessary for the person's own benefit."
See *Elliott* at 639.  As stated earlier, the test is whether the claims are based on the provider's
behavior or practices while "acting in his professional capacity as a provider of medical services."
To determine whether in fact subject matter jurisdiction exists, the Court considers both the
Complaint and IEMS report which was created on October 5, 2014.  (Filing No. 27-1 at 2).  The
Plaintiff's contention that law enforcement officers requested IEMS assistance to restrain
Heishman rather than for treatment purposes is supported by the record.  The IEMS report indicates
that while on a run regarding an animal bite, officers approached the IEMS crew and asked them
to "take a look at another patient first that was being combative." (Filing No. 27-1 at 2).  Heishman
was "prone in middle of street, handcuffed behind his back with leg shackles on. Patient
struggling/fighting with officers who were holding him down." *Id.* The Complaint alleges that
Heishman was administered the Versed as a "chemical restraint" without Heishman's consent, and
not for any specific treatment purposes.  It was not until after the Versed was administered that
Heishman was placed in the ambulance and provided any medical treatment.  These circumstances
do not make it clear that Heishman needed the sedative for his safety or benefit or that Medic Cope
was acting as Heishman's medical provider such that Heishman would have been considered his
patient.   Plaintiff has thus presented competent proof that Medic Cope was assisting law
enforcement as requested in restraining Heishman in the course of their arrest. Thus, the Court

determines that the state law the claims against HHC and Medic Cope for battery and negligence fall outside the scope of the MMA.  For these reasons, the Court finds that it has subject matter jurisdiction over the state law claims in Counts IV, VII, VIII, X and XI and declines to dismiss these claims against HHC and/or Medic Cope.

The Court finds that is does not have subject matter jurisdiction over the claim against HHC in Count VI, as the wrongful death claim requires medical judgment, and therefore falls within the MMA.  The Court can conceive of no way that a jury could resolve factual issues on this claim without "application of the standard of care prevalent in the medical community."

## CONCLUSION

For the foregoing reasons, HHC's and Medic Cope's Partial Motion to Dismiss (Filing No. 19) is **GRANTED in part** and **DENIED in part**. The Court finds that it has subject matter jurisdiction over the state law claims in Counts IV, VII, VIII, X and XI against HHC and/or Medic Cope.  This court does not have subject matter jurisdiction over Count VI and that Count is dismissed as to Defendant HHC.

**SO ORDERED.**

Date:  8/31/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Scott Leroy Barnhart
ATTORNEY AT LAW
barnhart@kbindy.com

Mary M. Ruth Feldhake
BOSE MCKINNEY & EVANS, LLP
mfeldhake@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Brooke Smith
KEFFER BARNHART LLP
Smith@KBindy.com


Clifford M. Robinson
OFFICE OF CORPORATION COUNSEL
clifford.robinson@indy.gov


Kathryn M. Box
OFFICE OF CORPORATION COUNSEL
kathryn.box@indy.gov

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov


Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com