# WALLER & ASSOCIATES, LLC

15850 W. Bluemound Road, Suite 308
Brookfield, Wisconsin 53005
(262) 782-5515 • Fax (262) 641-0508
www.wallerassociates.com

**Dennis Waller, CLI**
denny1@gdinet.com

September 27, 2016

Attorney Scott L. Barnhart
Keffer Barnhart LLP
230 East Ohio Street
Suite 600
Indianapolis, IN  46204

Re:   **Billie Thompson, et al. v. City of Indianapolis, et al.**
      USDC, So. Dist., Indianapolis Div., IN; Cause No.: 1:15-cv-1712-TWP-DML

Mr. Barnhart:

The following report is being presented per your request for my opinions on various issues related to this matter.

*Background and Qualifications:*

I have served as a consultant/expert witness in more than 650 cases involving issues related to police policy, procedure, and practice. I have been retained in thirty-six states, including Indiana, plus the District of Columbia. I have served as an expert witness in federal courts, state courts, and before administrative hearings. I have been retained by counsel for both the defense and plaintiff.

I have a Bachelor of Science degree in police administration from Michigan State University. I have a Master of Science degree in public administration from Florida International University. I have received over 3,600 hours of law enforcement training including hundreds of hours of training from Michigan State University, the University of North Florida, Northwestern University, University of Wisconsin, International Association of Chiefs of Police; Metropolitan Police Institute; Milwaukee Area Technical College; Milwaukee County Medical Examiner's Office; and the Public Agency Training Council. I have been trained as an assessor for the Commission on Accreditation for Law Enforcement Agencies. I have earned the designations of Fellow of the American College of Forensic Examiners and Diplomate of the American Board of Law Enforcement Experts. I am a Certified Legal Investigator, one of approximately one hundred in the country. I have also been certified as an Internal Affairs Investigator/Supervisor.

I have served as a police officer, field training officer, detective, sergeant, lieutenant, department training officer, and chief. I have been certified as a police training instructor in Michigan, Florida, North Carolina, and Wisconsin. I have been certified as a Defensive and Arrest Tactics Instructor, OC Instructor, and Psycho-motor Skills Design Instructor. I have served as the director of a regional police

1

training academy in Raleigh, North Carolina.  Throughout my years as a trainer and supervisor, I have trained hundreds of officers in numerous aspects of arrest procedures, use of force, and ethical conduct.

I have taught in a variety of law enforcement, and related subject areas at the college and university level including the police function, police administration, criminal investigation, and policy development seminars in high liability areas including use of force and arrest procedures.

Please refer to the attached curriculum vitae.

*Methodology:*

The methodology I use to examine police-related issues involved in litigation is explained below.  This methodology is the same, or similar to, that utilized by experienced and respected expert witnesses in the field of police practice.  The basic methodology I use has always been found acceptable in the 650 plus cases I have reviewed for matters before federal courts, state courts, and administrative hearings.

A.   Develop an Understanding of the Facts   Following a review of the information provided, I develop and state an understanding of the facts.  The facts and circumstances are specific for each case.  If you change the understanding of the facts, the opinions may change or no longer be applicable.

B.   Analyze the Actions of the Officers   The second step involves analysis of the actions of the involved law enforcement officers based on documentation by the officers, relevant testimony, departmental and/or external investigations, physical evidence, and any other relevant information.  Determine what the officers did and their stated justification for what they did.

C.   Compare with Standards of Training and Practice   The third step involves comparing what and why the involved officers did with various standards of training and practice.  Standards of training and practice include relevant Supreme Court cases; departmental policies and procedures, particularly those based upon relevant Supreme Court decisions; applicable statewide police training programs/systems (i.e. WI Law Enforcement Standards Board [LESB] Training Guides and Instructor Manuals); model policies, training, and research from such institutions as the International Association of Chiefs of Police, Police Executive Research Forum, National Criminal Justice Reference Service, Public Agency Training Council, Commission on Accreditation for Law Enforcement Agencies, and the Northwestern University Center for Public Safety.

D.   Define and Explain Consistencies and/or Inconsistencies   The fourth step involves explaining how what the officers and various department personnel did, or did not do, was consistent or inconsistent with the applicable standards of training and practice.  The purpose is to assist the triers of fact in understanding the sometimes complex terminology, procedures, and the scope of acceptable practices in law enforcement which may otherwise be presented in a confusing and/or misleading manner.

*Materials Reviewed:*

Complaint;
IMPD Use of Force Report;

2

EMS Report;
Dr. Thomas Sozio:
    Deposition;
    Autopsy Report;
Officer Brian Burnett:
    Deposition;
    Probable Cause Statement;
    IA Statement;
IMPD General Orders:
    GO 1.1 - LE Code of Ethics;
    GO 1.12 – Use of Discretion;
    GO 1.30 – Use of Force;
    GO 1.33 – Electronic Control Devices;
    GO 3.6 – Awards and Recognition;
    GO 4.7 – Mental Writs/Immediate Detention;
    GO 8.1 – Prisoner Handling, Transportation;
    GO 9.13 – Officers Assaulted;
Officer Donald Spiegl:
    Deposition;
    IA Statement;
Deputy Billy Johnson:
    Deposition;
    IA Statement;
Audio/Video Tapes related to the incident;
IMPD Internal Affairs Investigation Report IA2014-094.

***Understanding of the Facts:***

At approximately 7:45 p.m. on October 5, 2014, Dusty Heishman [Dusty] was experiencing an episode of excited delirium [ED] believed in part from the ingestion of some type of drugs. Dusty was running around naked in the area of Bryant's Friendly Inn in Indianapolis, Indiana. Officers Brian Burnett and Donald Spiegl of the Indianapolis Metropolitan Police Department [IMPD] were assigned to respond to "a man [Dusty] running around naked."

Without waiting for backup assistance to respond, Officer Burnett located Dusty and stopped his squad in the roadway. Officer Burnett exited his vehicle as Dusty approached. Officer Burnett discharged his TASER into the chest/abdomen area of Dusty. Officer Burnett testified he discharged the TASER one time for five seconds, stopped, and Dusty ripped out the wires to the probes. Officer Burnett acknowledged he subsequently discharged the TASER later during the incident but claimed it was not in contact with Dusty at the time. The TASER discharge report indicated one discharge for five seconds immediately followed by a second charge with a duration of four seconds with a subsequent four-second, third discharge two minutes and 29 seconds later.

The video taken of the incident by a citizen indicated that following being subjected to the TASER, Dusty submitted to Officer Burnett by assuming a prone position. Officer Burnett took a position over Dusty to handcuff him, but failed to secure Dusty's hands in a meaningful manner. Officer Burnett indicated as he attempted to put his gloves on before handcuffing the naked, sweating Dusty, Dusty pushed himself off the ground and started to walk away. While stopping by his squad to obtain his ASP baton, Officer

3

Burnett requested assistance from nearby civilians. Mark Britton [Britton] and William Patterson [Patterson] responded by running after Dusty, grabbing him, and slamming him to the ground. While holding Dusty to the ground, Britton and Patterson punched Dusty numerous times about the head and body. Britton also applied a choke hold around Dusty's neck. Dusty was forcefully held down in a prone position as additional IMPD officers, including Officer Spiegl, responded. Officer Spiegl picked up Officer Burnett's ASP baton and struck Dusty in the legs at least three times. Dusty was finally handcuffed by multiple officers.

Officer Spiegl arrived on the scene at approximately 7:51 p.m. At that time Dusty was being held in a prone position by Officer Burnett and the two civilians. Sgt. Miller arrived at approximately 7:54 p.m. Sgt. Miller indicated Dusty was already handcuffed and officers were attempting to hold Dusty on the ground.

Sgt. Miller called for a Marion County Sheriff's Department [MCSD] transportation van. Upon his arrival Deputy Billy Johnson assisted in maintaining Dusty in a prone position and made available leg shackles for use on Dusty. IMPD Officer Coffing placed his knee on the lower portion of Dusty's back in an attempt to control him while the leg shackles were applied to Dusty.

After Dusty was handcuffed and shackled, the officers attempted to place Duty in the MCSD prisoner van. Dusty resisted by placing his feet against the entrance. Deputy Johnson determined it would be unsafe to transport Dusty in the MCSD van. An ambulance was then called while Dusty was again held down in a prone position by IMPD officers and Deputy Johnson. Shortly after the arrival of the ambulance at approximately 8:02 p.m., Medic Lance Cope injected a chemical restraint [Midazolam commonly referred to as Versed] into Dusty's left deltoid region. The Versed worked in approximately two minutes to calm Dusty down. Dusty was then secured to a gurney where he subsequently went into respiratory and/or cardiac arrest. In all, Dusty was forcibly maintained in a prone position by officers while handcuffed behind his back and subsequently shackled for the better part of 13-14 minutes.

IMPD officers and medical personnel began CPR. Dusty was revived after about seven minutes and then transported to a hospital. Medical personnel could not detect brain function and subsequently determined that Dusty would not recover. On October 13, 2014, Dusty died as a result of complications from pneumonia which occurred while he had been maintained on a ventilator.

An autopsy determined Dusty's death was caused by complications of excited delirium with acute methamphetamine intoxication, positional body restraint by law enforcement, acute psychotic state, and various medical issues as contributing factors.

*Opinions:*

Based on the totality of my training, education, and experience in law enforcement; as a trainer; as an educator; and, as a consultant, I have developed the following opinions to a reasonable degree of professional certainty in the field of police practice.

A       Officer Burnett knew, or should have known, about the dangers of excited delirium [ED] and positional asphyxia and acted accordingly. Both are mentioned in IMPD General Orders [GO 1.33 and GO 8.1]. Officer Burnett, his fellow officers and supervisors, were grossly negligent or deliberately indifferent to the dangers posed to Dusty from excited delirium and positional asphyxia by the manner

4

in which they handled him, i.e., forcibly holding him in a prone position for the better part of 13-14 minutes.

1      In his deposition, Officer Burnett described Dusty's actions.  IMPD General Order 8.1 – Prisoner Handling, Transportation and Escape described signs of excited delirium.

> Nude, sweating really bad.  [deposition, p. 14]

> #4 - Profuse sweating  [GO 8.1]

> "....walking towards me.....an aggressive walk coming towards me."  [p. 15]

> #1 - Bizarre, aggressive, violent behavior outside the norm  [GO 8.1]

> "....obviously he was on narcotics just through the sweating, the looking through you, the not responding to commands or requests...." [p. 17]

> #15 - Known drug overdose  [GO 8.1]

> "He was not responding at all.....the thousand yard stare, where he's looking past you...."  [p. 18]

> #1 – Bizarre behavior outside the norm; #10 - Hallucinations; #1 - Paranoia  [GO 8.1]

> "....he made a comment when he first started coming at me, 'they're trying to kill me.'" [p. 21]

> #1 – Bizarre behavior outside the norm; #10 - Hallucinations; #1 - Paranoia  [GO 8.1]

2      IMPD General Order 8.1 not only provided a list of fifteen signs or aspects of excited delirium, it also specifically stated, "If a subject is suffering from any of the signs listed....and placed in a prone position that interferes with breathing, there is a greatly increased risk of positional asphyxia."

> The general order describes positional asphyxia as a condition when a subject is placed on their chest or stomach, with the legs and arms restrained behind the back, they may have difficulty breathing, leading to serious injury or death.

> IMPD officers are <u>specifically directed to avoid leaving any prisoner on their chest or stomach for any period of time longer than is absolutely necessary</u>.  The subject should be moved onto their side, allowing less interference with normal breathing, as soon as possible.  [emphasis added]

> IMPD general orders as they relate to excited delirium and positional asphyxia are consistent with nationally accepted standards of police practice which

require placement of the subject on his side or in a sitting position immediately after securing them with appropriate restraining devices.

3 IMPD General Order 1.33 – Electronic Control Devices states specifically that following deployment of an electronic control device [i.e., TASER], the subject should be carefully observed for signs of distress.

> "Subjects exhibiting distress symptoms of over exertion or exhaustion may indicate potential impairment of full ability to breathe."

> "Subjects exhibiting symptoms of excited delirium may indicate an acute medical condition associated with sudden death. Excited delirium symptoms include a sudden onset of bizarre and/or aggressive behavior, shouting, paranoia, panic, violence towards others, unexpected physical strength and hyperthermia."

4 From a basic understanding of IMPD general orders all the responding IMPD officers and MCSD Deputy Johnson recognized, or should have recognized, Dusty's behavior as possibly resulting from Dusty experiencing excited delirium. All were trained in considerations for handling excited delirium decisions to enhance the likelihood of a positive outcome; yet, not one officer acted in an affirmative manner to attempt to resolve the situation in a manner consistent with departmental policy by placing Dusty in a position where his breathing would be unimpeded as soon as restraints were applied.

5 Officer Burnett [deposition, p. 45] indicated he had no understanding or knowledge of excited delirium, but admitted having heard the term previously. However, Officer Burnett acknowledged he believed Dusty "....was definitely under the influence of narcotics." [p. 46]

6 Each officer present had the opportunity to do something to prevent harm to Dusty; however, all failed to take reasonable means to protect Dusty from the situation which led to his untimely and potentially preventable death.

B Upon initially engaging with Dusty, Officer Burnett discharged his TASER resulting in the probes striking Dusty in the chest and stomach area. Officer Burnett applied the TASER for two consecutive times, the first for a duration of five seconds, the second for a duration of four seconds. This brought Dusty to the ground. However, Dusty pulled out the wire to the probes which negated the effectiveness of the TASER. Shortly thereafter, Dusty voluntarily assumed a prone position. Instead of immediately securing Dusty in a manner which would have prevented movement, Officer Burnett negligently, or with deliberate indifference, allowed Dusty to regain his feet.

1 Persons suffering from excited delirium, or acute drug intoxication as assessed by Officer Burnett, need to be quickly controlled in an appropriate manner and provided with medical intervention.

6

2  By not preventing Dusty from becoming mobile again, Officer Burnett's misstep resulted in Dusty being choked, punched in the head, and punched in the torso by two untrained civilians summoned to help Officer Burnett.

3  Subsequent efforts by other IMPD personnel resulted in Dusty being forcibly held in a prone position with various officers holding down his legs, feet, and upper body.

> Officer Bueckers took a position near Dusty's head to prevent him from rising. [IA Investigation – p. 4]

> Officer Coffing placed his knee on the lower portion of Dusty's back in an attempt to control him while leg shackles were being applied. [IA Investigation, p. 5].

> The subsequent autopsy revealed Dusty suffered deep intramuscular hemorrhage to the upper back. [IA Investigation, p. 6; Sozio deposition, p. 19]

C  Officer Burnett negligently and/or with deliberate indifference to Dusty's well-being solicited the assistance of two civilians to assist him in taking Dusty into custody. He did so without knowing if they were under the influence of alcohol or narcotics and/or had personal animus toward Dusty. The two civilians, Mark Britton and William Patterson, jumped at the opportunity to attack Dusty. In addition to choking Dusty, the civilians struck him in the head and torso, and assisted in forcibly holding Dusty in a prone position.

1  Officer Burnett testified [deposition, p. 18] he TASERed Dusty because Dusty was not responding to his commands. Officer Burnett discharged his TASER two consecutive times for a total of 9 seconds according to the TASER discharge printout for Officer Burnett's TASER.

> The TASER was effective and Dusty went to the ground.

> Officer Burnett indicated that Dusty pulled the wires off the probes after the first discharge [Probable Cause Report; deposition, p. 19]

> Assuming the TASER was effective, it is extremely unlikely that Dusty could have deliberately pulled out the wires to the probes during consecutive applications of the TASER.

2  Law enforcement officers are entitled to use force for a lawful purpose. However, officers must justify each use of force.

> At the time of the initial encounter with Dusty, IMPD Officer Burnett only had knowledge that Dusty was in some type of mental and/or physiological crisis exhibited by running naked in the street.

> In this instance, it is clear that Officer Burnett discharged his TASER two times into Dusty after Dusty yelled, "They are trying to kill me." [Probable Cause Report by Officer Burnett]

It was not until after Dusty had been arrested and improperly manhandled that Officer Burnett later learned of allegations of criminal behavior.

3      Dusty had prior involvement with Mark Britton outside Officer Burnett's presence. Officer Burnett knew nothing about the circumstances of that interaction except for Dusty saying, "They are trying to kill me."

> Officer Burnett solicited assistance from Mr. Britton and Mr. Patterson without knowing their motivation to help. [p. 22]

> Officer Burnett indicated he was surprised the citizens assisted him. [p. 24]

> The two untrained civilians attacked Dusty in an enthusiastic manner. They physically slammed him to the ground. Mr. Britton was choking Dusty around the neck and punching him in the head. Mr. Patterson was punching Dusty in the torso. During this frenzy Officer Burnett advised the civilians to not let Dusty up. [pp. 26-7]

D      With deliberate indifference to the likelihood of serious injury or death to Dusty, the involved officers forcibly held Dusty in a prone position for 13-14 minutes after he was handcuffed, and even after leg shackles were applied. The nationally accepted standard of practice which is reflected in IMPD general orders requires officers to "….avoid leaving any prisoner on their chest or stomach for any period of time longer than is absolutely necessary…." [GO 8.1]

1      "The subject should be moved onto their side, allowing less interference with normal breathing, as soon as possible." [Ibid]

2      The subject can also be moved into a seated position on the ground with his legs extended to the front. Breathing is facilitated while the subject can be easily controlled.

My opinions may be added to, or amended, upon review of additional information.

Respectfully submitted,

Dennis Waller

Encl.
  CV
  FS
  Testimony List

# WALLER & ASSOCIATES, LLC

15850 W. Bluemound Road, Suite 308
Brookfield, Wisconsin 53005
(262) 782-5515 • Fax (262) 641-0508
www.wallerassociates.com

Dennis Waller, CLI
denny1@gdinet.com

## CURRICULUM VITAE

### *DENNIS K. WALLER*

**CONSULTANT/EXPERT WITNESS** - law enforcement matters related to use of force; personnel; training; vehicle pursuits; and, the assessment of departmental administration, policy, procedures and practice.

## PROFESSIONAL EXPERIENCE

*Police Practices Consultant/Expert Witness; Certified Legal Investigator*  1988 - Present

*Regional Manager/Principal Investigator*
 API (Milwaukee, WI)  1991-92

*Lecturer/Outreach Coordinator*, Department of Criminal Justice
*Interim Director*, University Police Department
 University of Wisconsin-Platteville  1988-90

*Vice President*, Litigation Support Service
 Kevin Parsons and Associates, Inc. (Appleton, WI)  1987-88

*Chief of Police*
 Ripon Police Department (WI)  1983-87

*Director of Law Enforcement Training*
 Wake Technical College (Raleigh, NC) 1978-83

*Lieutenant*
 North Carolina State Fairgrounds Police Department (Raleigh, NC) 1980-83

*Coordinator*
 Criminal Justice Program, Craven Community College (New Bern, NC) 1976-78

*Sergeant*
 South Miami Police Department (FL) 1974-76

*Investigator*
 Carol Management Company (Miami, FL) 1973-74

*Police Officer*
 Metro Dade Police Department (Miami, FL) 1971-72

*Regional Police Planner*
 Southeast Michigan Council of Governments (Detroit, MI) 1970-71

*Deputy Sheriff*
 Washtenaw County Sheriff's Department (Ann Arbor, MI)  1970-71

CURRICULUM VITAE - *DENNIS K. WALLER*
Page 2

**ADJUNCT LECTURER/INSTRUCTOR/PRESENTER**
National Lawyers Guild Conference, National Police Accountability Project (Washington, D.C.) 2007
Defense Research Institute Conference, Government Liability Section (San Francisco) 2006
Annual Training Conference, Professional Association of WI Licensed Investigators
  (WI Dells) 2001, 2002; (Green Bay) 2004, 2007, 2011; (Waukesha) 2009; Regional Seminar (Milwaukee) 2004, 2007
Annual Civil Rights Seminar, Individual Rights and Responsibilities Section, WI State Bar Madison, WI) 1998
Annual Intellenet Seminar, (Islamorada, FL) 1997, (Tucson, AZ) 1999
Milwaukee Area Technical College (WI) 1991-92
University of North Florida - IPTM 1990
International Association of Campus Law Enforcement Administrators (Superior, WI) 1990
Fox Valley Technical College (Appleton, WI) 1983-90
Southwest Wisconsin Technical College (Fennimore, WI) 1989-90
Internal Security Division, Internal Revenue Service (Lake Geneva, WI) 1988
Lakeshore Technical College (Cleveland, WI) 1988
Wisconsin Shorthand Reporters Association Conference (Appleton, WI) 1988
National Association of Legal Investigators Regional Seminar (Milwaukee, WI) 1987
Marian University -Fond du Lac (WI) 1985-87
Mount Senario College (Ladysmith, WI) 1983-86
North Carolina State University (Raleigh, NC) 1979
Shaw University (Raleigh, NC) 1978-80

**PROFESSIONAL ASSOCIATIONS**
The American College of Forensic Examiners   1994-2013
  *Fellow; Executive Board* (2002); *Editorial Advisory Board,* **The Forensic Examiner** (1999-2004)
  American Board of Law Enforcement Experts, *Diplomate; Executive Board* 1998-2003; *Chair* (2002)
American Society for Industrial Security 1987-1998
Commission on Accreditation for Law Enforcement Agencies, *Assessor*
Fond du Lac County Law Enforcement Executives Association 1984-87; *Vice President* (1984), *President* (1985)
Grant County Law Enforcement Administrators Association 1988-90
Intellenet   1992-present
International Association of Chiefs of Police 1980-present
International Association of Law Enforcement Firearms Instructors   1996-present
International Narcotic Enforcement Officers Association   1993-2005
International Wound Ballistics Association 1995-2002
Justice System Training Association 1985-88; *Psycho-Motor Skills Design Instructor*
Law Enforcement Alliance of America, *Life Member*
Law Enforcement Training Officers Association of Wisconsin 1984-94; *Executive Board* (1989-91)
National Association of Legal Investigators; *Certified Legal Investigator*   1988-present
National Council of Investigation & Security Services, Inc.   2003-2013
National Rifle Association; *Life Member, Police Firearms Instructor*
Office of Lawyer Regulation, Supreme Court of Wisconsin   1997-2006
  *District Two Investigative Committee* (1997-2000); *District Six Investigative Committee* (2001-2006)
Police Marksman Association   1976-2008
Private Detective Advisory Committee, State of Wisconsin Department of Regulation & Licensing 2003-2005
Professional Association of Wisconsin Licensed Investigators   2000-2009
  *Board of Directors* (2001-2005); *Professional Review Committee* (2001-2003);
  *Chair, Investigator Safety Committee* (2001-2009)
Wisconsin Chiefs of Police Association   1983-present
  *Training and Professional Development Committee* (1986-87, 1989)
Wisconsin Narcotics Officers Association 1991-2005

**CURRICULUM VITAE - *DENNIS K. WALLER***
Page 3

**EDUCATIONAL BACKGROUND**
Florida International University - MS (Public Administration)   1975
Michigan State University - BS (Police Administration)   1970
Additional law enforcement training - 3,600 plus hours including courses from:
   Michigan State University; Northwestern University; University of North Florida; PATC; IACP

**PROFESSIONAL DESIGNATIONS**

Certified Police Instructor
   Michigan   1971
   Florida   1974
   North Carolina   1976
   Wisconsin   1985
Police Defensive Tactics Instructor
   RISC   1985
   DAAT   1989
Psycho-Motor Skills Design Instructor   1985
Police Firearms Instructor   1986
Certified Legal Investigator   1988
OC Instructor   1992
Assessor, Commission on Accreditation for Law Enforcement Agencies   1994
Diplomate, American Board of Law Enforcement Experts   1998
Fellow, American College of Forensic Examiners   1999
Certified Internal Affairs Investigator   2013

**PUBLICATIONS**

Contributor, *Strategic Plan for Extension Programming in Governmental Affairs/Criminal Justice* (University of Wisconsin-Extension, 1990)

*Officer-Initiated Activities:  A Measurement of Productivity.* (Training Supplement - 1989) Department of Criminal Justice, University of Wisconsin-Platteville

"Investigating Jailhouse Suicides," *The Legal Investigator* (May 1988)

"State Fair Police," *NCLEOA Magazine* (November-December 1981)

Contributor, *Guidelines for Criminal Justice Programs in Community and Junior Colleges* (American Association of Community and Junior Colleges, 1977)

Chapter on *Crime Control, Regional: Problems, Goals, Programs, Projects for Region One - Law Enforcement and Criminal Justice Planning Council* (Southeast Michigan Council of Governments, 1970)

March 22, 2016

# WALLER & ASSOCIATES, LLC

15850 W. Bluemound Road, Suite 308
Brookfield, Wisconsin 53005
(262) 782-5515 • Fax (262) 641-0508
www.wallerassociates.com

**Dennis Waller, CLI**
denny1@gdinet.com

## FEE SCHEDULE - CONSULTANT/EXPERT WITNESS SERVICES

Case Review - Retainer                                            $4,000
    Includes authority to list as expert witness and up to
    twenty hours of case review and analysis; issue
    clarification; oral and/or written opinion

Hourly Rate                                                       $200
    Additional case review over twenty hours; site visits;
    interviews; conferences; travel; and testimony work up.

Deposition (per business day - payment due in advance)            $2,000 (minimum)
    Plus expenses and travel time

Trial (per business day)                                          $2,000 (minimum)
    Plus expenses and travel time

Travel - portal to portal                                         $200 per hour up to
    Airline travel billed at coach fare                       $1,600 per day

Expenses                                                          Billed at actual cost
    Personal vehicle use - .80 per mile

## PAYMENT POLICY

All invoices are payable upon receipt. A finance charge of 1.5% per month (18% per year) will be assessed on all invoices past due thirty days or more. Deposition fees are payable in advance.

Once Dennis Waller or one of our associates has been listed as an expert in a case, we take the position that our firm has been retained. At that time the retainer becomes due regardless of documents sent to our office or work done on the file.

All work performed in your case is done at your direction. You are our client. You are solely responsible for payment of all invoices for services and expenses.

**Federal ID# 39-2002184**          **Waller & Associates, LLC**          July 10, 2014

# Dennis K. Waller - Trial/Deposition Testimony List – June 2012 - Present

| | | |
|---|---|---|
| Christopher J. Lawler<br>The Lawler Firm, LLC<br>104. W. 9th Street<br>Suite 504<br>Kansas City, MO  64106 | Utter, et al. V. Thompson, et al.<br>USDC, Kansas<br>Case No.:  11-2360-KMV-KKH | 8/12 Deposition |
| Roshna Bala Keen<br>Loevy & Loevy<br>312 N. May Street<br>Suite 100<br>Chicago, IL  60607 | Doe v. Village of Forest Park, et al.<br>USDC, No. Dist., East. Div., IL<br>Case No.:  11 CV 6102 | 9/12 Deposition |
| Heather Lewis Donnell<br>Loevy & Loevy<br>312 N. May Street<br>Suite 100<br>Chicago, IL  60607 | Clark, et al. v. City of Chicago, et al.<br>USDC, No. Dist, East Div., IL<br>Case No.:  10-cv-1803 | 9/12 Deposition |
| A/AG Jonathan F. Weisbard<br>Office of the Attorney General<br>State of Arizona<br>1275 W. Washington<br>Phoenix, AZ  85007-2926 | Morris v. Arizona Adult Probation Dept., et al.<br>Superior Court, Maricopa Co., AZ<br>Case No.:  CV2006-007863 | 1/11  Deposition<br>10/12 Trial |
| Daniel E. O'Brien<br>Winters Salzetta & O'Brien, LLC<br>111 W. Washington Street<br>Suite 1200<br>Chicago, IL  60602 | Maxson, et al. v. Stipler, et al.<br>USDC, No. Dist., IL<br>Case No.:  1:07CV5197 | 10/12 Deposition |
| Steven J. Sersic<br>Smith Sersic<br>9301 Calumet Avenue<br>Munster, IN  46321 | Rincon v. USA, et al.<br>USDC, No. Dist., Hammond Div., IN<br>Case No.:  2 10CV268 | 10/12  Trial |
| Attorney Marvin A. Brustin<br>Brustin & Lundblad, Ltd.<br>100 W. Monroe Street<br>Fourth Floor<br>Chicago, IL  60603 | Estate of Wojcik v. Michigan City, et al.<br>Superior Court, LaPorte County, IN<br>Case No.:  46D02-1004-CT-0072 | 11/12 Deposition |
| Scott D. Winston<br>Laufenberg, Stombaugh, & Jassak, SC<br>P.O. Box 722<br>Platteville, WI  53818 | Kennedy v. Schlosser, et al.<br>USDC, No. Dist., Cedar Rapids Div., IA<br>Case No.:  11-1032 | 1/13  Trial |

| | | |
|---|---|---|
| Maren L. Chaloupka<br>Chaloupka, Holyoke, Snyder, Chaloupka,<br>  Longoria & Kishiyama, PC, LLO<br>PO Box 2424<br>Scottsbluff, NE  69363-2424 | Sampson v Schenck, et al.<br>USDC, NE<br>Case No.:  8:08CV107 | 5/13  Deposition |
| Brian F. McCallister<br>The McCallister Law Firm<br>917 W. 43rd Street<br>Kansas City, MO  64111-3133 | Helmig v. Fowler, et al.<br>USDC, West. Dist., Central Div, MO.<br>Case No.:  2:11-CV-04364-NKL | 8/13 Deposition |
| J. Harland Webster<br>Chapman, Lewis & Swan, PLLC<br>P.O. Box 428<br>Clarksdale, MS  38614 | Kennamore, et al. v. MS Department of Public Safety, et al.<br>Union Co. Circ. Ct., MS<br>Case No.:  CV-2011-66-U | 8/13 Deposition |
| Melvin L. Brooks<br>Cochran & Montgomery<br>1 North LaSalle Street, Suite 2450<br>Chicago, IL  60602 | Navas v. City of Chicago, et al.<br>Circ. Ct., Cook Co., IL<br>Case No.:  04 L 006947 | 1/09  Deposition<br>9/13  Deposition |
| Brian F. McCallister<br>The McCallister Law Firm<br>917 W. 43rd Street<br>Kansas City, MO  64111-3133 | Callahan, et al. v. Unified Government<br>USDC, KS<br>Case No.:  11-2621-KHV/KMH | 10/13 Deposition |
| J. Harland Webster<br>Chapman, Lewis & Swan, PLLC<br>P.O. Box 428<br>Clarksdale, MS  38614 | Gammel v. Coahoma Community College, et al.<br>Circ. Ct., Coahoma Co., MS<br>Case No.:  14-CI-10-0137 | 10/13  Trial |
| James E. Zucker<br>YetterColeman LLP<br>909 Fannin Street<br>Suite 3600<br>Houston, TX  77010 | Backe, et al. v. LeBlanc, et al.<br>USDC, So. Dist., Galveston Div., TX<br>Case No.:  3:10-cv-00388 | 11/13 Deposition |
| Paul Applebaum<br>Applebaum Law Firm<br>332 Minnesota Street<br>Suite W1610<br>St. Paul, MN  55101 | Axel, et al. v. Griffin, et al.<br>USDC, MN<br>Case No.:  12-CV-01019  (DSD/AJB) | 12/13  Trial |
| Christopher D. Stombaugh<br>The Keenan Law Firm<br>P.O. Box 437<br>Platteville, WI  53818 | Carter v. Merrill, et al.<br>USDC, East. Div., WI<br>Case No.:  10-CV-00396-LA | 1/14  Trial |

| | | |
|---|---|---|
| Evan M. Smola<br>Hurley, McKenna & Mertz<br>33 N. Dearborn Street<br>Suite 1430<br>Chicago, IL  60602 | Rodgers, et al. v. Serpico, et al.<br>Circ. Ct., Cook Co., IL<br>Case No.: 11 L 004753 | 4/14  Deposition |
| Steven A. Berman<br>Anesi, Ozomon, Rodin, Navak & Kohen, Ltd.<br>161 N. Clark Street, 21st Floor<br>Chicago, IL  60601 | Marszalik, et al. v. Keating, et al.<br>Circ. Ct., Du Page Co., IL<br>Case No.: 09 L 1084 | 7/14  Deposition |
| Rahsaan A. Gordon<br>Rahsaan A. Gordon, PC<br>33 North Dearborn, Suite 300<br>Chicago, IL  60602 | McKinney v. Lloyd, et al.<br>Circ. Ct., Cook Co., IL<br>Case No.: 2008 L 006025 | 9/14  Deposition<br>11/14  Deposition |
| Grant S. Rahmeyer<br>Strong-Garner-Bauer, PC<br>415 E. Chestnut Expressway<br>Springfield, MO  6S802 | Stewart v. Wagner, et al.<br>USDC, West. Dist., SW Div., MO<br>Case No.: 6:12-cv-05075 | 10/14  Deposition |
| Theodore A. Woerthwein<br>Woerthein & Miller<br>70 West Madison Street<br>Suite 1515<br>Chicago, IL  60602 | Nitz v. Shanks, et al.<br>USDC, No. Dist., East. Div., IL<br>Case No.: 08 C 0334 | 12/14  Trial |
| Yao O. Dinizulu<br>Dinizulu Law Group, Ltd.<br>221 North LaSalle<br>Suite 1100<br>Chicago, IL  60601 | Jane Doe v. City of Harvey, et al.<br>Case No.: 1:12-CV-01094<br>Jane Doe II, et al. v. City of Harvey, et al.<br>Case No.: 1:12-CV-2069<br>Jane Doe IV, et al. v. City of Harvey, et al.<br>Case No.: 1:14-CV-8424<br>USDC, No. Dist., East Div., IL | 2/15  Deposition |
| Todd R. Korb<br>Hupy & Abraham, SC<br>111 E. Kilbourn Avenue<br>Suite 1100<br>Milwaukee, WI 53202 | Tracy v. City of Milwaukee, et al.<br>USDC, East. Dist., WI<br>Case No.: 14-CV-3314 | 3/15  Deposition |
| J. Houston Gordon<br>Law Office<br>P.O. Box 846<br>Covington, TN 38019-0846 | State of Tennessee v. Joshua Hunter Bargery<br>Lake Co. Circ. Ct., TN<br>Case No.: 11-CR-9586 | 5/15  Trial |
| Ben H. Elson<br>People's Law Office<br>1180 N. Milwaukee<br>Chicago, IL  60642 | William Avery, et al. v. City of Milwaukee, et al.<br>USDC, East. Dist., WI<br>Case No.: 11-CV-408 | 6/15  Trial |

| | | |
|---|---|---|
| Thomas R. Ysursa<br>Becker, Hoerner, Thompson & Ysursa, PC<br>5111 W. Main Street<br>Belleville, IL 62226 | <u>Trevon Yates v. County of St. Clair, et al.</u><br>USDC, So. Dist., IL<br>Case No.: 14-CV-000934-MJR | 6/15  Deposition |
| Victor P. Henderson<br>Henderson Adam, LLC<br>330 South Wells Street<br>Suite 1410<br>Chicago, IL 60606 | <u>Linda Bradford, et al. v. City of Chicago, et al.</u><br>Cook Co. Circ. Ct., IL<br>Case No.: 2011 L 013868 | 8/15  Deposition |
| Victor P. Henderson<br>Henderson Adam, LLC<br>330 South Wells Street<br>Suite 1410<br>Chicago, IL 60606 | <u>Woods, et al. v. City of Chicago, et al.</u><br>Cook Co. Circ. Ct., IL<br>Case No.: 2012 L 001289 | 8/15  Deposition |
| Andrew J. Schwaba<br>Schwaba Law Firm<br>1851 Riverside Avenue<br>Marinette, WI 54143 | <u>Stone v. Village of Butler, et al.</u><br>USDC, East. Dist., WI<br>Case No.: 14-CV-536 | 9/15  Deposition |
| Emily E. Schmidt<br>Purcell & Wardrope<br>10 South LaSalle Street<br>Chicago, IL 60603-1013 | <u>Wayne v. Village of Stone Park, et al.</u><br>USDC, No. Dist., East Div., IL<br>Case No.: 1:13-cv-08540 | 10/15  Deposition |
| Rebecca R. Kaiser<br>Henderson Adam, LLC<br>330 South Wells Street<br>Suite 300<br>Chicago, IL 60606 | <u>Redmond v. City of Chicago, et al.</u><br>USDC, No. Dist., East Div., IL<br>Case No.: 14 cv 5482 | 10/15  Deposition |
| Brooke Lierman<br>Brown Goldstein Levy<br>120 E. Baltimore Street<br>Baltimore, MD 21202 | <u>Owens v. Mayor and City Council of Baltimore, et al.</u><br>USDC, MD<br>Case No.: GLR-11-3295 | 11/15  Deposition |
| Donald A. Shapiro<br>Donald A. Shapiro, Ltd.<br>180 N. LaSalle Street<br>Suite 1801<br>Chicago, IL 60601 | <u>Estate of Niko Husband, et al. v. City of Chicago, et al.</u><br>Circ. Ct., Cook Co., IL<br>Case No.: 11 L 10162 | 7/14  Deposition<br>11/15  Trial |
| Daniel J. Stohr<br>Law Office<br>312 North May Street<br>Suite 100<br>Chicago, IL 60607 | <u>Fields, et al. v. City of Chicago, et al.</u><br>Circ. Ct., Cook Co., IL<br>Case No.: 09 L 002962 | 9/15  Deposition<br>11/15  Trial |

| | | |
|---|---|---|
| Craig Mastantuono<br>Mastantuono & Coffee, SC<br>219 N. Milwaukee Street, Suite 5B<br>Milwaukee, WI 53202 | In the interest of Kevin Cole<br>Milw. Co. Juv. Ct., WI<br>Case No.: 2015JV410 | 12/15  Trial |
| G. Brian Spears<br>G. Brian Spears, PC<br>1126 Ponce de Leon Avenue, NE<br>Atlanta, GA 30306 | Dr. Jay Berger v. Dorn M. Lawrence<br>USDC, No. Dist., GA, Atlanta Div.<br>Case No.: 1:13-CV-3251-RWS | 2/16  Trial |
| Brian J. Graber<br>Brian J. Graber, Ltd.<br>150 N. Michigan Avenue<br>Suite 2800<br>Chicago, IL 60601 | Kyle Moore v. City of Chicago, et al.<br>Cook Co. Circ. Ct., IL<br>Case No.: 2012L010786 | 5/15  Deposition<br>3/16  Trial |
| Victor P. Henderson<br>Henderson Parks LLC<br>330 South Wells Street, Suite 300<br>Chicago, IL 60606 | Phillip Johnson, et al. v. City of Rockford, et al.<br>USDC, No. Dist., East. Div., IL<br>Case No.: 13 CV 6887 | 4/16  Deposition |
| Mark Lovey-Reyes<br>Loevy & Loevy<br>311 N. Aberdeen Street, 3rd Floor<br>Chicago, IL 60607 | Ralph Armstrong v. John Norsetter, et al.<br>USDC, West. Dist., WI<br>Case No.: 12-cv-426-bbc | 5/16  Deposition |
| Rachel Steinback<br>Loevy & Loevy<br>311 N. Aberdeen Street, 3rd Floor<br>Chicago, IL 60607 | William Hurt, et al. v. City of Evansville, et al.<br>USDC, So. Dist., IN, Evansville Div.<br>Case No.: 1:14-cv-00197-JTM-RBC | 7/16  Deposition |
| Benjamin Beaton<br>Sidley Austin LLP<br>1501 K Street, NW<br>Washington, D.C. 20005 | Michael Wyatt v. Johnyy Owens, et al.<br>USDC, West. Dist., VA, Roanoke Div.<br>Case No.: 7:14-cv-492-NKM-RSB | 7/16  Deposition |
| Warren L. Conway<br>Conway & Associates, PC<br>P.O. 757<br>Gulfport, MS 39502-0757 | Alvin D. Haynes v. City of Jackson, et al.<br>Circ. Ct. First Judicial Dist., Hinds Co., MS<br>Case No.: 251-10-390CIV | 9/16  Deposition |

September 23, 2016