## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BILLIE THOMPSON, as personal representative of the ESTATE OF DUSTY HEISHMAN, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-01712-TWP-DML |
| v. | ) ) ) | |
| CITY OF INDIANAPOLIS, INDIANAPOLIS DEPARTMENT OF PUBLIC SAFETY, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, BRIAN BURNETT, DONALD SPIEGL, WILLIAM BUECKERS, PHILLIP GREENE, MARION COUNTY SHERIFF'S DEPARTMENT, BILLY JOHNSON, HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, LANCE COPE, MARK BRITTON, and WILLIAM PATTERSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ENTRY ON MOTIONS FOR LEAVE TO FILE EVIDENCE AND SURREPLY

This matter is before the Court on a Motion for Leave to File Supplemental Evidence in Support of Motion for Reconsideration filed by Defendants Health and Hospital Corporation of Marion County ("HHC") and Lance Cope ("Medic Cope") (collectively, "Medical Defendants") (Filing No. 76). Also pending before the Court is a Motion for Leave to File a Surreply to Defendants' Motion for Reconsideration filed by Plaintiff Billie Thompson ("Thompson") (Filing No. 78). For the following reasons, the Court **GRANTS** Medical Defendants' Motion for Leave to File Supplemental Evidence and **DENIES** Thompson's Motion for Leave to File Surreply.

Thompson, representing the Estate of Dusty Heishman ("Heishman"), filed this action alleging Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983 and numerous

state law claims, surrounding Heishman's death following an arrest. Medical Defendants moved to dismiss the state law claims against them, asserting that the Court lacked subject matter jurisdiction based on Indiana's Medical Malpractice Act, which requires plaintiffs to first present state law medical negligence claims to a medical review panel before bringing the claims to court. The Court granted in part and denied in part Medical Defendants' motion to dismiss, explaining that, with the exception of the wrongful death claim against HHC, the claims did not fall under the Medical Malpractice Act, and thus, the Court had subject matter jurisdiction to consider the claims (Filing No. 54 at 8).

Following the Court's Order on the motion to dismiss, Medical Defendants filed a motion for reconsideration, which is pending before the Court (Filing No. 59). Medical Defendants assert in their motion for reconsideration that the Court misunderstood the facts concerning the medical care provided by Medic Cope to Heishman, explaining that Medic Cope was not assisting law enforcement to effectuate an arrest, but rather, he was rendering medical treatment to Heishman for Heishman's medical benefit.

On September 20, 2016, Thompson filed a response brief opposing Medical Defendants' motion for reconsideration (Filing No. 67). Thompson argues that the Court did not misunderstand the facts and correctly determined the state law claims did not fall under the Medical Malpractice Act. Thompson further explains that the Court correctly determined that Medic Cope was assisting law enforcement officers to restrain a combative and resisting arrestee when Medic Cope administered a shot of Versed to Heishman to calm him down.

Thompson retained two experts for this case, and the expert reports were generated on September 27 and 28, 2016. Medical Defendants relied on Thompson's new expert reports in their reply brief in support of their motion for reconsideration, which was filed on September 30, 2016

(Filing No. 75). Because Medical Defendants relied on new evidence in their reply brief that was not raised in the opening brief, Thompson filed her Motion for Leave to File Surreply, requesting an opportunity to respond to the new evidence and argument asserted for the first time in Medical Defendants' reply brief (Filing No. 78).

Additionally, Medical Defendants requested leave to file supplemental evidence in support of their motion for reconsideration because, after the initial briefing had been filed, counsel for Medical Defendants learned that Thompson had allegedly made judicial admissions or admissions against interest by filing proposed complaints with the Indiana Department of Insurance, asserting claims against Medical Defendants for medical malpractice (Filing No. 76 at 1–2). Medical Defendants assert that these judicial admissions lead to the conclusion that this Court does not have jurisdiction over the state law claims. Medical Defendants ask for leave to file Thompson's Department of Insurance complaints as supplemental evidence. The Court determines that it is necessary to allow the filing of this supplemental evidence to build a complete and accurate record concerning the Court's subject matter jurisdiction, which will assist the Court in deciding the motion for reconsideration. Therefore, Medical Defendants' Motion for Leave to File Supplemental Evidence is **GRANTED**, and the supplemental evidence at Filing No. 76-1 and Filing No. 76-2 is deemed filed as of October 7, 2016.

In her Motion for Leave to File Surreply, Thompson asked the Court for an opportunity to respond to the supplemental argument and evidence (the proposed complaints filed with the Indiana Department of Insurance) if the Court allowed Medical Defendants to file the supplemental evidence. Because the Court is allowing the supplemental evidence, in the interest of justice, the Court also allows Thompson to file a response to the supplemental evidence. **Thompson's response must be filed within ten (10) days of the date of this Entry**.

Thompson sought leave to file her surreply brief to respond to the new evidence and argument asserted for the first time in Medical Defendants' reply brief concerning Thompson's two expert reports. Medical Defendants oppose Thompson's request for leave to file a surreply because they assert that Thompson's proposed surreply goes beyond the scope of the new evidence and argument about the expert reports. Medical Defendants assert that Thompson tries to raise additional new evidence (Medic Cope's internal affairs statement and an IMPD general order) in the surreply instead of simply responding to the reply brief.

Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. *Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161, at *4–5 (S.D. Ind. Feb. 12, 2014). The surreply brief must be limited to the new evidence and argument raised in the reply. *Id.* A review of Thompson's proposed surreply brief reveals that the brief focusses on new evidence and argument concerning Medic Cope's internal affairs statement and an IMPD general order and provides little to no response to the reply brief's new evidence and argument regarding Thompson's expert reports. This is not proper for a surreply. Therefore, the Court **DENIES** Thompson's Motion for Leave to File Surreply and **STRIKES** the proposed surreply (Filing No. 78-1) and its exhibits (Filing No. 78-2; Filing No. 78-3) from the docket.

However, in the interest of justice, Thompson should be permitted to respond to Medical Defendants' new evidence and argument raised in the reply brief regarding Thompson's expert reports. Therefore, Thompson is granted leave to respond to the argument and evidence regarding the expert reports within the same response brief where Thompson may address the proposed complaints filed with the Indiana Department of Insurance. **Again, this response must be filed within ten (10) days of the date of this Entry**.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Medical Defendants' Motion for Leave to File Supplemental Evidence (Filing No. 76) and **DENIES** Thompson's Motion for Leave to File Surreply (Filing No. 78). Thompson's proposed surreply (Filing No. 78-1) and its exhibits (Filing No. 78-2; Filing No. 78-3) are **STRICKEN** from the docket. Thompson is granted leave to file a response to Medical Defendants' new evidence and argument within ten (10) days of the date of this Entry.

       **SO ORDERED.**

Date: 4/28/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Scott Leroy Barnhart
ATTORNEY AT LAW
barnhart@kbindy.com

Brooke Smith
KEFFER BARNHART LLP
Smith@KBindy.com

Mary M. Ruth Feldhake
BOSE MCKINNEY & EVANS, LLP
mfeldhake@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Thomas J.O. Moore
OFFICE OF CORPORATION COUNSEL
thomas.moore@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com