UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLIE THOMPSON, as personal representative of the ESTATE OF DUSTY HEISHMAN, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:15-cv-01712-TWP-DML |
| v. | )<br>)<br>) |
| BRIAN BURNETT, DONALD SPIEGL, WILLIAM BUECKERS, PHILLIP GREENE, BILLY JOHNSON, HEALTH AND HOSPITAL CORPORATION OF MARION COUNTY, LANCE COPE, MARK BRITTON, and WILLIAM PATTERSON, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ORDER ON MEDICAL DEFENDANTS' MOTION TO AMEND
ENTRY ON MOTION FOR RECONSIDERATION (ECF NO. 149)
TO INCLUDE PERMISSION FOR INTERLOCUTORY APPEAL**

This matter is before the Court on a Motion to Amend Entry on Motion for Reconsideration (ECF No. 149) to Include Permission for Interlocutory Appeal ("Motion for Interlocutory Appeal") filed pursuant to Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. § 1292(b) by Defendants Health and Hospital Corporation of Marion County and Medic Lance Cope (collectively, the "Medical Defendants") ([Filing No. 153](#)).

Plaintiff Billie Thompson ("Thompson"), as personal representative of the Estate of Dusty Heishman ("Heishman"), filed this action alleging numerous state law claims and Fourth and Fourteenth Amendment violations after Heishman died following his arrest. The Medical Defendants moved to dismiss the state law claims against them, asserting that the Court lacked subject matter jurisdiction based on Indiana's Medical Malpractice Act, which requires a plaintiff

to first present state law medical negligence claims to a medical review panel before bringing the claims to court. The Court granted in part and denied in part the Medical Defendants' motion to dismiss, explaining that, with the exception of the wrongful death claim against HHC, the claims did not fall under the Medical Malpractice Act, and thus, the Court had subject matter jurisdiction to consider the claims ([Filing No. 54 at 8](Filing No. 54 at 8)).

Following the Court's Order on their motion to dismiss, the Medical Defendants filed a motion for reconsideration, arguing that the Court misunderstood the facts concerning the medical care provided by Medic Cope to Heishman. Medic Cope contends that he was not assisting law enforcement to effectuate an arrest, but rather, he was rendering medical treatment to Heishman for Heishman's medical benefit. The parties submitted new evidence in relation to the motion for reconsideration. The Court denied the Medical Defendants' motion for reconsideration, explaining that there were no manifest errors of law or fact in the Order denying the motion to dismiss, and the newly submitted evidence did not justify an amendment or alteration to the Court's previous Order ([Filing No. 149 at 11](Filing No. 149 at 11)–12).

The Medical Defendants filed their Motion for Interlocutory Appeal, asking the Court to certify for an immediate, interlocutory appeal its Order denying the motion for reconsideration. For the reasons that follow, the Court **grants** the Medical Defendants' Motion for Interlocutory Appeal.

### I. LEGAL STANDARD

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

> If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.

Fed. R. App. P. 5(a)(3).

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

*Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000).

## II.     DISCUSSION

The Medical Defendants ask the Court to certify the Order ([Filing No. 149](#)) denying the motion for reconsideration for an immediate, interlocutory appeal. They argue that the four statutory requirements are satisfied, and they filed their Motion within a reasonable time—only ten days after the Order was entered. The Medical Defendants assert that the Court's determination that the state law claims relating to Medic Cope "providing a sedative to an individual who is in police custody and who is in a state of excited delirium are not subject to the Indiana Medical Malpractice Act ultimately presents a question of law." ([Filing No. 153 at 2](#).) They point to *Anonymous Hosp., Inc. v. Doe*, 996 N.E.2d 329, 332 (Ind. Ct. App. 2013), in which the Indiana Court of Appeals explained, "Whether a case is one of medical malpractice as defined by the [Indiana Medical Malpractice Act] is a question for the court." The Medical Defendants assert that there is no dispute regarding the essential facts surrounding Medic Cope's actions, and the question of whether the claims fall under the Medical Malpractice Act is a question of law to be determined by the Court.

Next, the Medical Defendants argue that the issue is controlling because the Medical Malpractice Act mandates that medical malpractice claims proceed through a medical review panel

3

prior to adjudication in court. *B.R. ex rel Todd v. State*, 1 N.E.3d 708, 713 (Ind. Ct. App. 2013); *H.D. v. BHC Meadows Hosp., Inc.*, 884 N.E.2d 849, 853 (Ind. Ct. App. 2008). They assert that the question need not be "controlling" for the entire action, but rather, the question is controlling over all the state law claims, and they assert this is sufficient.

The Medical Defendants assert that the applicability of the Medical Malpractice Act is contestable. When considering contestability, courts "examine the strength of the arguments in opposition to the challenged ruling," which "includes examining whether other courts have adopted conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc.*, 212 F. Supp. 2d 903, 909–10 (S.D. Ind. 2002) (citation and quotation marks omitted). The Medical Defendants point to cases from Minnesota, Michigan, and Ohio state courts where it was determined that certain claims against paramedics fell under those states' medical malpractice statutes. They note that the "other courts" do not have to be within the Seventh Circuit or be precedential to satisfy the contestability requirement.

Lastly, the Medical Defendants argue resolution of this issue will speed up the litigation because, if the state law claims brought against them are subject to the Medical Malpractice Act, then Thompson is required to first proceed with her claims before a medical review panel. Thus, they assert, this is a threshold issue that should be decided at the beginning of the case rather than allowing the case to proceed through trial. They explain that they have filed an interlocutory appeal as a matter of right concerning the Court's denial of qualified immunity, and the issues presented in that appeal are closely related to the issues in this requested appeal, so allowing this appeal will speed up the litigation by resolving the issues in a single appeal.

In response, Thompson explains the criteria for a permissive interlocutory appeal "are conjunctive, not disjunctive . . . [and] do[] not provide for an immediate appeal solely on the

ground that such an appeal may advance the proceedings in the district court." *Ahrenholz*, 219 F.3d at 676. Thompson further notes that in regard to the first criteria—the issue must be a question of law—the Seventh Circuit has explained, "the 'question of law' requirement refers to 'a 'pure' question of law rather than merely to an issue that might be free from a factual contest.'" ([Filing No. 162 at 2](#) (quoting *Ahrenholz*, 219 F.3d at 676–77).)

Thompson argues that the Medical Defendants' challenge to the Court's Order is a fact-intensive inquiry requiring a determination of whether the claims are general negligence or medical malpractice. She asserts that this is not a pure question of law that can meet the first requirement for a permissive interlocutory appeal. In particular, the Indiana Medical Malpractice Act "is not all-inclusive as to claims against medical providers, and a claim against a medical provider sounding in general negligence or premises liability rather than medical malpractice falls outside the procedural and substantive provisions of the MMA." *Anonymous Hosp.*, 996 N.E.2d at 333. Courts look at "whether the claim is based on the provider's behavior or practices while acting in his professional capacity as a provider of medical services." *Id.* (citation and quotation marks omitted). Furthermore, "a physician-patient relationship is necessary to bring claims under the procedures of the MMA." *Id.* at 334. And the treatment provided must be for the patient's benefit. *See Weldon v. Universal Reagents, Inc.*, 714 N.E.2d 1104, 1110 (Ind. Ct. App. 1999).

Thompson asserts that, in order to determine whether Medic Cope's actions fall within the scope of the Medical Malpractice Act, the Court is required to review facts concerning Medic Cope's actions the night of the incident, decide whether a physician-patient relationship was formed, and consider whether treatment was provided for Heishman's benefit. Thus, Thompson argues, whether a claim falls within the scope of the Medical Malpractice Act involves numerous

5

factual considerations and is not a "pure question of law" that the court of appeals "could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677.

Regarding the second requirement for interlocutory appeal, Thompson argues the Medical Defendants' motion for reconsideration and motion to dismiss only related to the state law claims and not the entire action, and thus, the issues proposed for interlocutory appeal are not controlling over Thompson's federal claims.

Concerning contestability, Thompson points out that none of the cases on which the Medical Defendants rely are within the Seventh Circuit or are precedential. Further, the Medical Defendants do not address the medical malpractice statutes from the other states and whether, like the Indiana Medical Malpractice Act, they rely upon factual considerations to determine if their malpractice standards apply. Thompson notes,

> [W]hile the outcomes of the cases cited to by the Defendants may be different than the outcome in this Court's Entry, that does not mean that this Court's Entry is a contestable question of law. The Defendants' citations simply demonstrate that different courts have reached different conclusions after applying different facts to different laws, which is not relevant or persuasive as related to this case or the MMA.

([Filing No. 162 at 4](#).) Thus, Thompson argues, the contestability element is not satisfied.

Finally, Thompson asserts that an interlocutory appeal of the state law claims will not speed up the litigation or materially advance the ultimate termination of the litigation. She explains that, even if the Seventh Circuit were to determine that the Medical Defendants were entitled to dismissal of the state law claims, the federal claims may still proceed, depending on the outcome of the "as-a-matter-of-right" appeal. Thus, there is no promise that an interlocutory appeal will produce a speedy outcome.

In their reply brief, the Medical Defendants emphasize that the issue is a question of law, and they quote from the Court's Entry on Medical Defendants' Motion for Partial Summary

Judgment regarding the federal constitutional claim for deliberate indifference. The Medical Defendants "respectfully submit that the Court's findings of undisputed fact granting qualified immunity on the deliberate indifference/objective unreasonableness claim establishes that, as a matter of law, the state law claims against Medic Cope are subject to the MMA." (Filing No. 163 at 2.) The Court notes that the state law claims were part of the Medical Defendants' motion to dismiss but were not part of their motion for partial summary judgment. Thus, the state law claims were not at issue and not considered when the Court analyzed and decided the federal constitutional claims on summary judgment.

After a careful consideration of the issues raised and the arguments presented, the Court determines that a permissive interlocutory appeal of the Entry on Medical Defendants' Motion for Reconsideration (Filing No. 149) is warranted. The Medical Defendants have shown that each of the requirements established in 28 U.S.C. § 1292(b) is satisfied, and they filed their Motion within a reasonable time, only ten days after the Order was entered.

While the Indiana Court of Appeals explained the Medical Malpractice Act "is not all-inclusive as to claims against medical providers, and a claim against a medical provider sounding in general negligence or premises liability rather than medical malpractice falls outside the procedural and substantive provisions of the MMA," *Anonymous Hosp.*, 996 N.E.2d at 333, the court also explained, "[w]hether a case is one of medical malpractice as defined by the MMA is a question for the court." *Id.* at 332. The Court acknowledges that determining whether a particular incident falls within the reach of the Medical Malpractice Act requires looking at the facts of the case; however, in this case there is no dispute regarding the essential facts surrounding Medic Cope's actions. Rather, the dispute focuses on the interpretation of the facts and the application of the law to those facts. The question of whether the Medical Malpractice Act applies to Thompson's

claims is a question of law to be decided by the Court that does not require significant study of the record to resolve factual disputes. Thus, the first factor for a permissive interlocutory appeal is satisfied.

While the issue proposed for interlocutory appeal may not be controlling over Thompson's federal claims, the issue is controlling over the state law claims because the Medical Malpractice Act mandates that medical malpractice claims proceed through a medical review panel prior to adjudication in court. This is enough to satisfy the second requirement for an interlocutory appeal.

The Court is persuaded that the issue regarding the applicability of the Medical Malpractice Act is contestable. The Medical Defendants have presented case law wherein courts determined that a paramedic's actions fell within the reach of the medical malpractice act. Indeed, the Indiana Court of Appeals has considered situations where the Indiana Medical Malpractice Act may apply to the actions of a medical provider and may not apply to other situations. *See, e.g.*, *Anonymous Hosp.*, 996 N.E.2d 329. Thompson's arguments and the Medical Defendants' arguments concerning the applicability of the Medical Malpractice Act were both strong, supported arguments, and the decision was a close call. Therefore, the Court determines that the issue is contestable.

Resolution of this issue will speed up the litigation because answering the preliminary question of whether the claims must first be presented to a medical review panel will allow the claims to promptly be directed to such a panel, if appropriate and necessary, before awaiting trial and appeal. Additionally, the issues presented in the Medical Defendants' interlocutory appeal as a matter of right concerning qualified immunity are closely related to the issues in this requested appeal, so allowing this appeal may speed up the litigation by resolving the issues in a single appeal.

### III. CONCLUSION

Having shown that each of the Section 1292(b) requirements is satisfied, and having filed their Motion within a reasonable time, the Medical Defendants' Motion for Interlocutory Appeal is **granted** ([Filing No. 153](#)). The Medical Defendants may proceed to seek interlocutory appeal pursuant to Federal Rule of Appellate Procedure 5 regarding the question of the applicability of the Indiana Medical Malpractice Act to Thompson's claims.

**SO ORDERED.**

Date: 12/27/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Scott Leroy Barnhart
ATTORNEY AT LAW
barnhart@kbindy.com

Brooke Smith
KEFFER BARNHART LLP
Smith@KBindy.com

Mary M. Ruth Feldhake
BOSE MCKINNEY & EVANS, LLP
mfeldhake@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Andrew J. Upchurch
OFFICE OF CORPORATION COUNSEL
andrew.upchurch@indy.gov

Thomas J.O. Moore
OFFICE OF CORPORATION COUNSEL
thomas.moore@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN
BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com