UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BILLIE THOMPSON, as personal representative of the ESTATE OF DUSTY HEISHMAN, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:15-cv-01712-TWP-DML |
| v. | ) ) ) | |
| BRIAN BURNETT, DONALD SPIEGL, WILLIAM BUECKERS, PHILLIP GREENE, and BILLY JOHNSON, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ENTRY GRANTING CITY DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendants Brian Burnett, Donald Spiegl, William Bueckers, Phillip Greene, and Billy Johnson (collectively, "City Defendants"), Renewed Motion for Summary Judgment in Light of Seventh Circuit's Ruling in *Thompson v. Cope*. (Filing No. 187.) For the reasons stated below, the Motion is **granted**.

### I. DISCUSSION

This case stems from the death of Dusty Heishman. In Indianapolis in October 2014, Heishman was high on amphetamines and naked in the street. The City Defendants are law enforcement officers that responded and tried to subdue Heishman. Paramedics arrived on the scene and administered a sedative to Heishman, so he could be moved to an ambulance to be taken to an arrestee holding room at a hospital. Soon, Heishman's heart and breathing stopped. Despite efforts to revive him, Heishman died several days later. Billie Thompson, as personal representative of the Estate of Dusty Heishman ("Thompson") sued, asserting federal Fourth

Amendment claims and state-law tort claims against the City Defendants and Defendants Health and Hospital Corporation of Marion County and Medic Lance Cope (jointly, "Medical Defendants".) This Court issued rulings on summary judgment motions on which two interlocutory appeals were filed by Medical Defendants. (*see* Filing No. 156, Filing No. 174). The United States Court of Appeals for the Seventh Circuit on September 24, 2018 issued a Mandate (Filing No. 185), which instructed as follows:

> The denial of [Defendant Lance] Cope's motion for summary judgment on the excessive force claim and the denial of defendants' [Health and Hospital Corporation of Marion County and Cope] motion to dismiss the state-law claims are **REVERSED**, with costs. The case is **REMANDED** with instructions to dismiss the estate's state-law claims without prejudice and to dismiss the federal claims against Cope with prejudice.

*Id.* at 4.

Following the issuance of the Mandate, the City Defendants filed the instant Renewed Motion for Summary Judgment in Light of Seventh Circuit's Ruling in *Thompson v. Cope*. (Filing No. 187.) City Defendants point out that on September 29, 2017, this Court issued its Entry on City Defendants' Motion for Summary Judgment, in which summary judgment was granted to the City Defendants on all claims except the federal claim of failure to protect/intervene (Filing No. 154 at 33). In the Court's summary judgment Entry, the Court found there was a "material dispute regarding whether the officers had a realistic opportunity to intervene to prevent the harm from Medic Cope's use of force against Heishman," *id.* at 28, and thus, summary judgment was denied as to the failure to protect/intervene claim on that basis.

City Defendants now argue that, because the Seventh Circuit has held that it was not clearly established that Cope's actions were subject to the Fourth Amendment, Thompson's failure to protect/intervene claim fails as a matter of law. They assert that a failure to protect/intervene claim is based on the principle that "[t]he Fourteenth Amendment imposes an affirmative duty on all law

2

enforcement officials 'to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.'" *Moore v. Morales*, 445 F. Supp. 2d 1000, 1009 (N.D. Ill. 2006) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

City Defendants argue that the law enforcement officers in this case could not have failed to intervene if Medic Lance Cope was not acting as a law enforcement officer subject to Fourth Amendment limitations. They point to Seventh Circuit case law, which explains,

> An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official, and the officer had a realistic opportunity to intervene to prevent the harm from occurring.

*Yang v. Hardin*, 37 F.3d 282, 287 (7th Cir. 1994).

In the Mandate, the Seventh Circuit held it was not clearly established that Medic Lance Cope was acting in a law enforcement capacity. In particular, the court held, "It was not clearly established that a paramedic effects a 'seizure' within the meaning of the Fourth Amendment and subjects himself to an excessive force claim by sedating an arrestee who is suffering from a medical emergency to take the arrestee to the hospital." ([Filing No. 185 at 20](Filing No. 185 at 20).) City Defendants note that this Court previously held in the summary judgment Entry that "there must be an underlying constitutional violation to support a claim for failure to protect or intervene." ([Filing No. 154 at 27](Filing No. 154 at 27).) Thus, City Defendants officers' liability is fully dependent on Medic Lance Cope's liability, and because it was not clearly established that Medic Lance Cope was affecting a seizure subject to Fourth Amendment limitations, the officers had no reason to know a constitutional violation was occurring and had no duty to intervene. Therefore, the City Defendants are protected by qualified immunity, and there is no underlying constitutional violation to support a failure to protect/intervene claim, and thus, summary judgment should be granted.

3

In response, the Thompson acknowledges that the only remaining claim against City Defendants is the failure to protect/intervene claim related to Medic Lance Cope's use of force, and the Seventh Circuit held that Medic Lance Cope's use of force was not clearly established as violative of the Fourth Amendment (Filing No. 201 at 2). Thompson states, "In light of the opinions of this Court and the Seventh Circuit, the Plaintiff does not dispute that the Defendants' Motion for Summary Judgment has merit." *Id.* Furthermore, "[a]s a result, the Plaintiff does not have a good faith basis to file a response in opposition to the City Defendants' Motion for Summary Judgment." *Id.*

## II. CONCLUSION

Summary judgment in favor of City Defendants is appropriate on the sole remaining claim of failure to protect/intervene because there is no underlying constitutional violation to support such a claim. Thompson has conceded the propriety of summary judgment. Therefore, the Court **GRANTS** City Defendants' Renewed Motion for Summary Judgment (Filing No. 187).

All claims have been fully resolved in this matter, the Court will issue final judgment under separate order.

**SO ORDERED.**

Date: 11/8/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

| | |
|---|---|
| Scott Leroy Barnhart<br>ATTORNEY AT LAW<br>barnhart@kbindy.com | Thomas J.O. Moore<br>OFFICE OF CORPORATION COUNSEL<br>thomas.moore@indy.gov |
| Brooke Smith<br>KEFFER BARNHART LLP<br>Smith@KBindy.com | Andrew R. Duncan<br>RUCKELSHAUS KAUTZMAN<br>BLACKWELL BEMIS & HASBROOK<br>ard@rucklaw.com |
| Mary M. Ruth Feldhake<br>BOSE MCKINNEY & EVANS, LLP<br>mfeldhake@boselaw.com | Edward J. Merchant<br>RUCKELSHAUS KAUTZMAN<br>BLACKWELL BEMIS & HASBROOK<br>ejm@rucklaw.com |
| Philip R. Zimmerly<br>BOSE MCKINNEY & EVANS, LLP<br>pzimmerly@boselaw.com | John F. Kautzman<br>RUCKELSHAUS KAUTZMAN<br>BLACKWELL BEMIS & HASBROOK<br>jfk@rucklaw.com |
| Andrew J. Upchurch<br>OFFICE OF CORPORATION COUNSEL<br>andrew.upchurch@indy.gov | |